IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 18 2022
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| ROBERT GABRIEL GUZMAN, § | |
| § | |
| Movant, § | |
| § | |
| VS. § | NO. 4:22-CV-151-A |
| § | (NO. 4:19-CR-121-A) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Robert Gabriel Guzman, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's amended motion to dismiss, the reply, the record, including the record in the underlying criminal case, and applicable authorities, finds that the motion should be dismissed as untimely.

I.

Background

The record in the underlying criminal case reflects the following:

On April 17, 2019, movant was named in a one-count indictment charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(C). CR Doc.[1] 11. On May 3, 2019, movant entered a plea of guilty. CR Doc. 16. On September 13, 2019, he was sentenced to a term of imprisonment of 180 months. CR Doc. 34. He appealed. CR Doc. 36. On September 25, 2020, his conviction and sentence were affirmed. United States v. Guzman, 822 F. App'x 314 (5th Cir. 2020). He did not file a petition for writ of certiorari.

II.

Limitations

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. United States v. Thomas,

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-121-A.

2

203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. Clay v. United States, 537 U.S. 522, 532 (2003); Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006). The movant bears the burden to show that equitable tolling should apply. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. Holland v. Florida, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the movant's control; delays of his own making do not meet the test. In re Wilson, 442 F.3d at 875. Equitable tolling applies principally where the movant is actively misled by the government or is prevented in some extraordinary way from asserting his rights. Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002); Patterson, 211 F.3d at 930. Neither excusable

3

neglect nor ignorance of the law is sufficient to justify equitable tolling. Id. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. United States v. Petty, 530 F.3d 361, 366 (5th Cir. 2008); Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

III.

Analysis

Movant's judgment became final on February 22, 2021, when the time for filing a petition for writ of certiorari expired.[2] Clay, 537 U.S. at 532. He did not submit his § 2255 motion for filing until February 23, 2022, after the one-year limitations period had expired. Doc.[3] 1 at 13.

Movant admits that his motion is not timely. Doc. 1 at 12; Doc. 2 at 2. He urges that equitable tolling should apply. Id. He recognizes that to be entitled to equitable tolling, he must show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing of his motion. Id. His allegations, however, do not meet the test.

---

[2] As the government notes in its amended motion to dismiss, the time for filing a petition for writ of certiorari was extended to 150 days for a period of time during the pandemic.
[3] The "Doc. __" reference is to the number of the item on the record in this civil action.

In support of the contention that he has been diligently pursuing his rights, movant notes that he timely filed a notice of appeal and since the ruling on appeal, has "attempted to study the law as it pertains to Section 2255s [sic] and his case in order to submit a timely Section 2255 motion." Doc. 2 at 3. He also refers to the motion for extension of time he submitted for filing on December 20, 2021, CR Doc. 53.[4] Id. These wholly conclusory allegations are insufficient to show the exercise of any diligence in pursuing his § 2255 motion. Rather, he appears to have devoted his attention to seeking a delay.

As for the second prong, that some extraordinary circumstance prevented the timely filing of the motion, movant refers to the COVID-19 virus and various lockdowns. He admits that he had access to the law library from September 25, 2020, through January 2021, and from the second week of March 2021 to December 1, 2021. He did not have access to the law library between December 1 and December 24, 2021, the date the motion would have been due but for the Supreme Court extension. Doc. 2 at 5. He complains that he only had two hours per week to work in the law library, but he has not given any reason for the court to believe that the limited access actually prevented him

---

[4] This was the second motion for extension of time that movant filed. See CR Doc. 51.

5

from timely filing his motion. Krause v. Thaler, 637 F.3d 558, 561 (5th Cir. 2011). Ignorance of the law is not enough. Petty, 530 F.3d at 366; Patterson, 211 F.3d at 930. Movant's mistaken belief that he could wait until the last minute to file his motion does not entitle him to equitable relief. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Finally, the court notes that the motion presents only one simple ground—that movant's attorney should have objected to the firearms enhancement. The ground appears to be frivolous. See CR Doc. 20; CR Doc. 43 at 18-19 (reflecting that movant may have exchanged a weapon for drugs). In any event, movant has not shown that he could not have timely filed his motion had he chosen to do so.

IV.

Order

The court ORDERS that the motion under 28 U.S.C. § 2255 be, and is hereby, dismissed as untimely.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

    SIGNED April 18, 2022.

_____
JOHN McBRYDE
Senior United States District Judge